IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                      HARRISON DIVISION

**SHIRLEY CAUDILL and JAMES BAILEY**                    PLAINTIFFS

        v.           Civil No. 06-3003

**J.C. PENNEY CORPORATION, INC.**                          DEFENDANT

                         **O R D E R**

    Now on this 13th day of April, 2006, comes on for consideration defendant's **Motion To Dismiss For Lack Of Jurisdiction And Improper Venue** (document #2), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

    1.  The Complaint in this matter, seeking damages for breach of contract, was originally filed in the Circuit Court of Baxter County, Arkansas, and was subsequently removed to this Court when defendant was able to determine that the damages sought were sufficient to establish diversity jurisdiction. Pending in the State court proceeding at the time of removal was the Motion To Dismiss now under consideration.

    2.  In their Complaint, plaintiffs allege that they were parties to a Catalog Merchant Agreement between themselves and the defendant, entered into on October 1, 2002, which was breached by defendant on or about August 12, 2004. Unfortunately, plaintiffs failed to comply with **A.R.C.P. 10(d)** by attaching a copy of the Catalog Merchant Agreement to their Complaint.

    3.  The basis of the Motion To Dismiss is that the Catalog

Merchant Agreement contains a forum selection clause designating the United States District Court for the Northern District of Texas, Dallas Division, or the District Courts of Collin County, Texas, as the exclusive jurisdiction and venue for disputes arising between the parties. Defendant attached a copy of a Catalog Merchant Agreement as an exhibit to its Motion.

In their Response to the Motion, plaintiffs deny that they entered into the Catalog Merchant Agreement attached to the Motion, and deny that they consented to jurisdiction as set forth therein. The denials of this Response are general, rather than specific, and they offer neither evidentiary support nor legal analysis, although the Response claims that they have "fully responded to Defendant's motion to dismiss."

4. Plaintiffs' Response, is, to say the least, unhelpful in resolving the issue of personal jurisdiction presented by the Motion To Dismiss. While the existence of personal jurisdiction is a question of law, it often turns on a factual determination, and that is the case here. In order to resolve the issue of personal jurisdiction, the Court must make a factual determination as to whether the Catalog Merchant Agreement appended to the Motion To Dismiss is, in fact, the Catalog Merchant Agreement sued upon.

The Catalog Merchant Agreement appended to the Motion has an "effective date" of October 1, 2002, and bears signatures purporting to be those of Shirley Caudill and Jamie Bailey, dated July 26, 2002. The Agreement details the rights and responsibilities of a

J.C. Penney Catalog Merchant.  The document thus appears to be the document referenced in plaintiffs' Complaint.  There is, however, no supporting affidavit to confirm this appearance - only the representations of counsel, which are not evidence.

"To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction.  The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." **Epps v. Stewart Information Services Corp.**, **327 F.3d 642 (8th Cir. 2003)**(internal citations omitted).  While this is a low burden, absent some evidence that the document upon which defendant relies in its Motion To Dismiss is the same document upon which plaintiff relies in its Complaint, the Court has no evidentiary basis at all upon which to conclude that the Motion is good. The Motion will, therefore, be denied, without prejudice to its resubmission if adequate evidentiary underpinnings can be shown.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Dismiss For Lack Of Jurisdiction And Improper Venue** (document #2) is **denied**, without prejudice to its resubmission.

**IT IS SO ORDERED.**

        /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT COURT**