# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**SHIRLEY CAUDILL and JAMES BAILEY**                                   **PLAINTIFFS**

      v.        Civil No. 06-3003

**J.C. PENNEY CORPORATION, INC.**                                        **DEFENDANT**

## O R D E R

    Now on this 2nd day of June, 2006, comes on for consideration defendant's **Amended Motion To Dismiss For Improper Venue** (document #8), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

    1.   The Complaint in this matter, seeking damages for breach of contract, was originally filed in the Circuit Court of Baxter County, Arkansas, and was subsequently removed to this Court.

    In their Complaint, plaintiffs allege that they were parties to a Catalog Merchant Agreement ("CMA") between themselves and the defendant, entered into on October 1, 2002, which was breached by defendant on or about August 12, 2004.

    2.   Defendant now moves to dismiss, contending that the CMA contains a forum selection clause designating the United States District Court for the Northern District of Texas, Dallas Division, or the District Courts of Collin County, Texas, as the exclusive jurisdiction and venue for disputes arising between the parties.

    In support of its motion, defendant attached the Affidavit of Richard Bell, Catalog Sales Merchant Coordinator, identifying the CMA attached to defendant's previous Motion To Dismiss as the CMA

referred to in plaintiffs' Complaint. Paragraph 31.1 of the CMA provides that the document is to be construed and governed in accordance with Texas law, and paragraph 31.2 provides as follows:

> THE PARTIES SUBMIT TO THE EXCLUSIVE JURISDICTION AND VENUE IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, OR THE DISTRICT COURT OF COLLIN COUNTY, TEXAS.  MERCHANT WAIVES ANY OBJECTION IT MAY HAVE TO EITHER THE JURISDICTION OR VENUE OF THESE COURTS.

(Emphasis in original.)

Paragraph 28 provides that the CMA is the "entire agreement between the parties," and "may not be amended or modified except in writing signed by the party against whom such modification or amendment is to be enforced."

3. Although plaintiffs do not concede that the CMA identified by Bell is, in fact, the contract they had with defendant, they do not seriously contest Bell's Affidavit and offer no evidence on that point. Their opposition to the pending motion is threefold:

\* They claim that an implied agreement arose between them and the defendant, and that the forum selection clause of the CMA did not apply to this implied agreement.

\* They claim that this Court has personal jurisdiction over defendant, and that Arkansas has a greater interest in the disposition of this case than does Texas.

\* They claim that enforcement of the forum selection agreement would be unreasonable and unfair, denying them their day in court.

4. The Court will discuss each of plaintiffs' contentions in turn:

(a) Plaintiffs' contention that the forum selection clause does not apply to a certain implied agreement between them and defendant is irrelevant. The Complaint alleges that the plaintiffs had a written contract (the CMA) with defendant; that defendant terminated the contract; and that this action was in breach of the contract. While the Complaint does allege an implied agreement between plaintiffs and defendant to the effect that plaintiffs could relocate their store, this is pled as an element of plaintiffs' damages, i.e., that this relocation involved wasted money, because the CMA was later terminated. This allegation as to damages does not change the liability aspect of the Complaint, which is based on an alleged breach of the CMA, and the forum selection clause clearly applies to the CMA.

(b) Plaintiffs' second contention -- that this Court can exercise personal jurisdiction over defendant, and that Arkansas has a greater interest in the disposition of this case than does Texas -- is likewise unavailing. The fact that plaintiffs could sue defendant in Arkansas absent a forum selection clause does not invalidate the forum selection clause. Indeed, the very purpose of a forum selection clause is to fix one forum, among multiple possible fora, as the locus to resolve disputes.

In this case, the parties selected Texas as the forum state, and also chose Texas law to control their disputes. Under Texas

law,

> [f]orum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. The party opposing enforcement of the forum-selection clause carries a heavy burden of showing that the forum-selection clause should not be enforced. A forum selection clause will be invalidated only (1) if it was the product of fraud or overreaching, (2) if the agreed forum is so inconvenient as to deprive the litigant of his day in court, or (3) if enforcement would contravene a strong public policy of the forum in which the suit is brought.

**Tri-State Building Specialties, Inc. v. NCI Building Systems, L.P., 184 S.W.3d 242 (2005)**(internal citations and quotation marks omitted). The fact that another state may have a greater interest in the dispute than Texas is not a basis to invalidate a forum selection clause under Texas law.

Even if this argument were cast in terms of the third **Tri-State** reason to invalidate a forum selection clause, it would not support plaintiffs' position, since forum selection clauses do not contravene a strong public policy of Arkansas. **SD Leasing, Inc. v. Al Spain and Associates, Inc., 277 Ark. 178, 640 S.W.2d 451 (1982).**

(c) Finally, the Court is not persuaded by plaintiffs' argument that enforcement of the forum selection clause would be unreasonable and unfair, denying them their day in court.

Plaintiffs support this argument with their contention that they "have already spent what is to them a large amount of money on attorney's fees in bringing this action in Arknasas [sic]."

In light of the existence of the forum selection clause,

plaintiffs' decision to file suit in Arkansas was obviously a risk they knowingly accepted.  As the Supreme Court said in **Carnival Cruise Lines, Inc. v. Shute**, **499 U.S. 585, 593-94 (1991),** a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum . . . ."  Since plaintiffs could have utilized their suit money in Texas from the start of this case and thus avoided the risk that money spent on Arkansas litigation would be wasted, their argument that the consequences of their decision result in their being denied their day in court is without merit.

Other than the fact that they have already paid an attorney here, plaintiffs do not demonstrate any particular hardship that would be imposed on them by having to litigate in Texas, nor would the Court be inclined to so find in the absence of compelling circumstances.  The Supreme Court in **Carnival Cruise Lines** did not find such hardship where consumer plaintiffs had to travel from the State of Washington to Florida to litigate under the forum selection clause in their cruise tickets.  Here, plaintiffs are merchants, not consumers, and have only to travel from Arkansas to Texas.

5.  Plaintiffs also suggest the forum selection clause is unreasonable because the CMA is an adherence contract, but case law does not support this argument.  The Supreme Court in **Carnival**

**Cruise Lines** accepted the validity of a forum selection clause printed on the back of a cruise ticket, perhaps the epitome of an adherence contract. The Court rejects this argument.

6.   Because plaintiffs have failed to satisfy their heavy burden of demonstrating that the forum selection clause of the CMA should not be enforced, the Court finds that defendant's motion should be granted.

The Court does not find, however, that the case should be dismissed, because to do so would subject plaintiffs to a second filing fee to bring their claims in Texas.  Instead, the Court finds that the proper disposition of this matter is to transfer the case to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to the terms of the CMA.

**IT IS THEREFORE ORDERED** that defendant's **Amended Motion To Dismiss For Improper Venue** (document #8) is **granted**, and the Clerk of Court is directed to transfer this matter to the United States District Court for the Northern District of Texas, Dallas Division.

   **IT IS SO ORDERED.**

                              /s/ Jimm Larry Hendren
                              **JIMM LARRY HENDREN**
                              **UNITED STATES DISTRICT COURT**